UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LONNIE ROID GOIN, II, a/k/a Lonnie,<br><br>Defendant. | No. 2:10-CR-033-JLQ-3<br><br>ORDER RELEASING DEFENDANT PENDING PLENARY HEARING<br><br>MOTION DENIED<br>     **(ECF No. 227)**<br>MOTION GRANTED<br>     **(ECF No. 226)** |

At Defendant's October 24, 2016, initial appearance based on a Petition for action, post-conviction, Defendant appeared, in custody, with Assistant Federal Defender Colin G. Prince. He was advised of, and acknowledged, his rights. Assistant U.S. Attorney George J.C. Jacobs, III, represented the United States.

Also before the Court is Defendant's Motion, ECF No. 226, to quash the arrest warrant issued from the Petition filed July 21, 2016.

Federal Defender Mitigation Specialist/Investigator Brenda Challinor and U.S. Probation Officer Chris Heinen testified and were cross-examined.

Defendant did not dispute that probable cause exists for purposes of scheduling a supervised release revocation hearing. Accordingly, the court found probable cause to hold Defendant to respond to the Petition.

Pursuant to 18 U.S.C. § 3142, this Court has evaluated the evidence, testimony and information produced at this hearing concerning (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the

ORDER - 1

Defendant, (3) Defendant's history and characteristics to include character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to alcohol and drug abuse, criminal history, record concerning appearance at court proceedings, and (4) the nature and seriousness of the danger to the community posed by Defendant's release.

The Court finds that, pursuant to FED. R. CRIM. P. 32.1(a)(6), Defendant has met his burden of establishing conditions or a combination of conditions that would reasonably assure his future appearance, and the safety of other persons or the community.

**IT IS ORDERED:**

1. The United States' Motion for detention, **ECF No. 227**, is **DENIED.**

2. The Defendant's Motion to Quash the warrant, **ECF No. 226,** is **GRANTED.**

3. Defendant is released on the previously-ordered conditions of supervision and the additional conditions that he appear for all hearings pursuant to the Petition and that he remain in contact with his counsel.

4. In addition, Defendant's release is subject to the additional condition of electronic home monitoring as follows:

> **Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.
>
> OR

ORDER - 2

**GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

5. A supervised release revocation hearing is set before Senior Judge Quackenbush, in Spokane, Washington, on **December 7, 2016, at 10:30 a.m.**

**IT IS SO ORDERED.**

DATED October 24, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 3