Report Date: October 13, 2017

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 13, 2017

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Lonnie Roid Goin          Case Number: 0980 2:10CR00033-JLQ-3

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: July 8, 2010

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, 21 U.S.C. §§ 841(a)(1) & 846 | |
| Original Sentence: | Prison - 60 months; TSR - 180 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: April 25, 2014 |
| Defense Attorney: | Colin G. Prince | Date Supervision Expires: April 24, 2029 |

## PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

**Supporting Evidence**: On April 28, 2014, Mr. Lonnie Goin signed his conditions for case number 2:10CR00033-JLQ-3, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Goin was made aware by his U.S. probation officer that he was required to answer truthfully all inquires by the probation officer and to follow the instructions of the probation officer.

Mr. Goin is alleged to have violated standard condition number 3 by failing to report as directed by the undersigned officer.

Specifically, on October 6, 2017, the undersigned officer received notification from the contract urinalysis provider that Mr. Goin had failed to attend random urinalysis testing when his assigned color was called by the contract provider on October 5, 2017. On October 6, 2017, the undersigned officer attempted to contact both the client and his girlfriend, leaving voice mails for both parties requesting a return call and directing Mr. Goin to report to U.S. Probation to address the missed urinalysis test. On October 6, 2017, at 6:51 p.m. the undersigned officer received a voice mail from the client indicating that he was unsure how he missed the appointment and indicating that he was unsure of how to proceed.

On October 10, and 11, 2017, the undersigned officer again left voice mails for both the client and his girlfriend requesting contact from the client and directing the client to report to U.S. Probation on each respective day that the call had been placed.

On October 11, 2017, the undersigned officer did receive a return call from the client's girlfriend, Ms. Elle Scott, who indicated that the client was concerned that he had a warrant and was unlikely to report as he thought that he would be taken into custody. Ms. Scott did indicate that the client had contacted his attorney with respect to the matter and indicated that she would continue to encourage the client to report as directed.

As of the date of this report, Mr. Goin has failed to report as directed by this officer and, according to collateral contacts, it appears that he is unlikely to do so.

2   **Special Condition # 18:** You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** On April 28, 2014, Mr. Lonnie Goin signed his conditions for case number 2:10CR00033-JLQ-3, indicating that he understood all conditions as ordered by the Court. Specifically, Mr. Goin was made aware by his U.S. probation officer that he was required to submit to urinalysis testing when directed to do so by his probation officer, or when required by the contract vendor.

Mr. Goin is alleged to have violated special condition number 18 by failing to attend random urinalysis testing with the contract provider on October 5, 2017, when his assigned color was called by the vendor.

Specifically, on October 6, 2017, the undersigned officer received notification from the contract provider that Mr. Goin had failed to attend random urinalysis testing when his assigned color was called by the contract provider on October 5, 2017.

3   **Special Condition # 21:** Defendant shall complete 120 hours of community service work at the rate of not less than 10 hours per month, at a not-for-profit site approved in advance by the supervising officer. The hours are to be completed in full no later than January 1, 2018.

**Supporting Evidence:** On December 12, 2016, Mr. Lonnie Goin was present before the Court and informed by Your Honor that his conditions would be modified effective that date to include a condition that the client complete a total of 120 hours of community service in response to admitted violation behavior. The order drafted required Mr. Goin to complete the hours in full by January 1, 2018, with a minimum of 10 hours due per month. On December 13, 2016, Mr. Goin signed his community service agreement with the undersigned officer, indicating that he understood his requirement to complete 120 hours by January 1, 2018, and in which he committed to completing no less than 10 hours per month.

Mr. Goin is alleged to have violated special condition number 21, by failing to complete his required minimum of 10 hours of community service per month.

Specifically, as the Court may recall, and as previously reported to the Court on the petition dated July 20, 2017, Mr. Goin was previously diagnosed with a Methicillin-resistant

Staphylococcus Aureus (MRSA) infection on his leg. Mr. Goin was largely in and out of numerous hospitals or confined to his residence during a significant period of time while he combated and subsequently recovered from the illness. Mr. Goin has since been afforded numerous opportunities to again bring himself back into compliance with this condition as ordered by the Court; however, has only been able to provide verification of 11.5 hours of completed community service hours since May 2017, despite both he and his girlfriend's statements that he has completed additional hours. To date Mr. Goin has submitted verification of 64 hours of completed community service hours.

Given the facts and circumstances present in this case, it is respectfully requested that the Court issue a summons requiring Mr. Goin to appear to answer to the alleged violations as noted herein.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 13, 2017

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

## THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons *before the undersigned on 10/23/17 @ 11 a.m.*
[ ] Other

Signature of Judicial Officer

10/13/17
Date