PROB 12C
(6/16)

Report Date: January 9, 2018

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 18 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Lonnie Roid Goin                Case Number: 0980 2:10CR00033-JLQ-3

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: July 8, 2010

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Distribute 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, 21 U.S.C. §§ 841(a)(1) & 846 | |
| Original Sentence: | Prison - 60 months; TSR - 180 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: April 25, 2014 |
| Defense Attorney: | Federal Public Defender | Date Supervision Expires: April 24, 2029 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. |

**Supporting Evidence**: On April 28, 2014, Mr. Lonnie Goin signed his conditions for case number 2:10CR00033-JLQ-3, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Goin was made aware by his U.S. probation officer that he was required to refrain from the use of illicit substances. Additionally, the standard urinalysis testing instructions were reviewed with him and he was informed he was required to refrain from the use of poppy seeds during his term of supervised release.

Mr. Goin is alleged to have violated mandatory condition number 4 by testing positive for morphine at the U.S. Probation Office on December 7, 2017.

Specifically, on December 7, 2017, Mr. Goin reported to the U.S. Probation Office as directed following his failure to attend random urinalysis testing at Pioneer Human Services on December 6, 2017, when his assigned color was called. Mr. Goin subsequently submitted

Prob12C
Re: Goin, Lonnie Roid
January 9, 2018
Page 2

a urinalysis sample for testing that was presumptive positive for morphine. Mr. Goin denied illicit drug use and the sample was forwarded to the lab for confirmation. On December 18, 2017, the undersigned officer received notification from Alere Toxicology that the urinalysis sample submitted by the client at U.S. Probation on December 7, 2017, was confirmed positive for morphine. Both Mr. Goin and his girlfriend have since indicated the positive test is likely the result of the client's ingestion of poppy seeds.

It should be noted that Mr. Goin's admission of apparent poppy seed ingestion was additionally and previously reported to the Court on July 20, 2017, at which time Mr. Goin was provided strict direction by the undersigned officer with respect to his requirement he not ingest this product.

2   **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: On April 28, 2014, Mr. Lonnie Goin signed his conditions for case number 2:10CR00033-JLQ-3, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Goin was made aware by his U.S. probation officer that he was required to answer truthfully all inquires by the probation officer and to follow the instructions of the probation officer.

Mr. Goin is alleged to have violated standard condition number 3 by not providing notification to the undersigned officer when he was not staying at his assigned residence.

Specifically, on January 3, 2018, the undersigned officer was informed by the client's sponsor and girlfriend that the client had not been staying at her residence for the "last few days." The contact indicated she and the client had gotten into an argument and as a result she thought he was going to try and get a motel for a few days, or possibly stay with his cousin. The contact was unsure of the client's current whereabouts other than to reaffirm he had not been staying with her.

On January 4, 2018, the undersigned officer received a phone call from the client's sponsor indicating the client had returned home last night, but was currently out completing community service hours. Mr. Goin has on numerous occasions been directed to provide notification to the undersigned officer when temporarily residing anywhere else other than his assigned residence.

3   **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: On April 28, 2014, Mr. Lonnie Goin signed his conditions for case number 2:10CR00033-JLQ-3, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Goin was made aware by his U.S. probation officer that he was required to answer truthfully all inquires by the probation officer and to follow the instructions of the probation officer.

Mr. Goin is alleged to have violated standard condition number 3 by not reporting to the U.S. Probation Office as directed on numerous occasions and most recently on January 8, 2018.

Prob12C
Re: Goin, Lonnie Roid
January 9, 2018
Page 3

Specifically, on December 29, 2017, and on January 3, 2018, voice mails were left for the client directing him to contact the undersigned officer due to numerous concerns with respect to continued noncompliance. Mr. Goin failed to respond to either inquiry. On January 3, 2018, the undersigned officer was able to speak with the client's sponsor who indicated the client had not stayed with her for the last few days and she was unsure of his current location. The contact indicated she would additionally attempt to contact the client.

On January 4, 2018, another voice mail was left for the client, this time directing him to report to U.S. Probation. Mr. Goin was additionally sent a text message providing the client with the same directive. Mr. Goin failed to respond to this directive. Mr. Goin's sponsor would later contact this officer telephonically indicating the client had returned home the previous night. The undersigned officer did request that the contact notify the client of his need to report to the U.S. Probation Office and she agreed to do so.

On January 5, 2018, at 6:14 p.m., the undersigned officer received a voice mail from the client in which he indicated an inability to report due to his father being in the hospital and due to losing his pills at his sponsor's residence.

On January 8, 2018, the undersigned officer again left a voice mail for both the client and his sponsor, again requesting that the client report to the U.S. Probation Office effective that date. As of the writing of this report Mr. Goin has not contacted the undersigned officer telephonically or reported as directed.

| 4 | **Special Condition # 21**: Defendant shall complete 120 hours of community service work at the rate of not less than 10 hours per month, at a not-for-profit site approved in advance by the supervising officer. The hours are to be completed in full no later than January 1, 2018. |

**Supporting Evidence**: On December 12, 2016, Mr. Lonnie Goin was present before the Court and informed by Your Honor that his conditions would be modified effective that date to include a condition the client complete a total of 120 hours of community service in response to admitted violation behavior. The order drafted required Mr. Goin to complete the hours in full by January 1, 2018, with a minimum of 10 hours due per month. On December 13, 2016, Mr. Goin signed his community service agreement with the undersigned officer, indicating he understood his requirement to complete 120 hours by January 1, 2018, and in which he committed to completing no less than 10 hours per month.

Mr. Goin is alleged to have violated special condition number 21, by failing to complete his required 120 hours of community service by January 1, 2018.

Specifically, on December 22, 2017, Mr. Goin reported to the U.S. Probation Office indicating he had completed his hours in full. Mr. Goin provided a verification form noting the completion of 26.75 hours completed since December 7, 2017. Upon verification it was learned the form had also included 9.5 hours that had in fact been counted toward his total twice. On December 29, 2017, the undersigned officer attempted to contact the client with respect to the discrepancy; however, this voice mail has since gone without response. This officer has since been informed by the client's sponsor that it is the client's intent to complete the remaining hours for the Court; however, this has not been verified by the client

Prob12C
Re: Goin, Lonnie Roid
January 9, 2018
Page 4

as of the writing of this report. As of the writing of this report Mr. Goin remains owing 7.5 hours toward his originally owed 120 hours.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   January 9, 2018

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

1/18/18

Date